IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **NIEVE DE LOS ÁNGELES VÁZQUEZ LAZO,**<br><br>**Plaintiff,**<br><br>v.<br><br>**DR. UROYOÁN RAMÓN EMETERIO WALKER, et al.,**<br><br>**Defendants.** | CIVIL NO. 15-1891 (PAD) |

**MEMORANDUM AND ORDER**

Delgado-Hernández, District Judge.

Plaintiff Nieve de los Ángeles Vázquez-Lazo initiated this action against the University of Puerto Rico, its President Dr. Urayoán Ramón Emeterio Walker, and other personnel of the University of Puerto Rico, Bayamón Campus,[1] in their individual and official capacity, alleging violations of Federal and Puerto Rico law.[2] Before the court is defendants' Motion to Dismiss (Docket No. 26), which plaintiff opposed (Docket No. 34). Defendants replied (Docket No. 42), and plaintiff sur-replied (Docket No. 52). For the reasons explained below, the motion is GRANTED IN PART AND DENIED IN PART.

---

[1] Orlando González González, former Chancellor of the University of Puerto Rico, Bayamón Campus ("UPRB"); Prof. Margarita Fernández Zavala, Chancellor of the UPRB; Dr. Elsa Gelpí Baíz, Dean of Students of the UPRB; Dr. Nora Rodríguez Vallés, Humanities Department Director of the UPRB; Dr. Raquel Rosario Rivera, President of the Humanities Department Personnel Committee of the UPRB ("Personnel Committee"); Prof. Heberto Ferrer Duchesne, member of the Personnel Committee; Dr. Rosa Rivera, Dean of Academic Affairs, and member and President of the UPRB Faculty Personnel Committee; and the University of Puerto Rico (Docket No. 8). The court notes the Amended Complaint also names the Board of Trustees of the University of Puerto Rico as a defendant, id., but it has not been properly served.

[2] Specifically, Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.; Sections 1983 and 1988 of the Civil Right Act of 1871 as amended, 42 U.S.C. §§ 1983 and 1988; First, Ninth and Fourteenth Amendments of the Constitution of the United States (U.S. Const. Amends. 1, 9 and 14); Article II, Sections 1, 4, 7, 8 and 16 of the Constitution of Puerto Rico (P.R. Const., Art. II, §§ 1, 4, 7, 8 and 16); and Puerto Rico Law No. 115 of December 20, 1991, 29 P.R. Ann. Stat. 194 et. seq. (Docket No. 8 at ¶ 1.2 and Docket No. 34 at p. 4).

Case 3:15-cv-01891-PAD   Document 59   Filed 09/30/16   Page 2 of 10

Dr. Nieve de los Ángeles Vázquez Lazo v. Dr. Urayoán Ramón Emeterio Walker, *et al.*
Civil No. 15-1891 (PAD)
Memorandum and Order
Page 2

## I.  BACKGROUND

From January 2006 to January 2015, plaintiff worked as an Assistant Professor in the Humanities Department of UPRB, first pursuant to a temporary contract renewed on a yearly basis and, since August 2012, under a probationary appointment (Docket No. 8 at ¶¶ 4.19-4.20). Around September 2012, she expressed her desire to be considered for a promotion and tenure. Id. at ¶ 4.27. But Dr. Elsa Gelpí, then President of the Personnel Committee, questioned plaintiff's qualifications for a promotion and tenure. Id. at ¶ 4.28.[3] In turn, according to plaintiff, this lead to a heated discussion, followed by harassment and a hostile work environment against her by defendants, for which, in November 2012, she filed an internal administrative complaint against them. Id. at ¶¶ 4.28 and 4.39.

In early May 2014, plaintiff was interviewed by El Nuevo Día newspaper, voicing concerns regarding UPR students' not being able to enroll in on-line courses offered by the Humanities Department of UPRB. Id. at ¶ 4.54. On May 22, 2014, the Personnel Committee recommended termination of plaintiff's probationary appointment because, among other things, she had not cooperated with the evaluation process. Id. at ¶¶ 4.55 and 4.56.[4] In mid-June 2014, plaintiff filed a complaint before the Civil Rights Commission of Puerto Rico, alleging harassment, violation of free speech, age and national origin discrimination, and retaliation. Id. at ¶ 4.57.

On June 24, 2014, El Nuevo Día published an article regarding a letter circulated within the UPRB campus, opposing Fernández-Zavala's nomination as Chancellor, with signatures of faculty members and students who rejected her nomination, including plaintiff's. Id. at ¶ 4.59.

---

[3] From plaintiff's perspective, the Personnel Committee concluded she was not eligible for tenure at that time because she had been under a part-time contract during the first semester of the 2010-2011 academic year and she would be eligible for tenure at a later time in 2016 (Docket No. 8 at ¶ 4.29). Plaintiff claims it was later determined that she was in fact qualified for the position. Id. at ¶ 4.30.

[4] For plaintiff this was a pretext (Docket No. 8 at ¶ 4.56).

Case 3:15-cv-01891-PAD   Document 59   Filed 09/30/16   Page 3 of 10

Dr. Nieve de los Ángeles Vázquez Lazo v. Dr. Urayoán Ramón Emeterio Walker, *et al.*
Civil No. 15-1891 (PAD)
Memorandum and Order
Page 3

That same day, Dr. Walker denied plaintiff's final appeal regarding her harassment and hostile work environment complaint. Id. at ¶¶ 4.59 and 4.60. Two days later, her appeal concerning the request for promotion and tenure was denied. Id. at ¶ 4.61. On June 3, 2014, after Fernández-Zavala was confirmed as Chancellor, Dr. González issued a letter terminating plaintiff's probationary appointment. Id. at ¶ 4.63). Defendants seek the dismissal under Fed. R. Civ. P. 12(b)(6), of all claims asserted against them in their official capacity. See, Docket No. 42 at footnote 1.

## II.   STANDARD OF REVIEW

To survive a motion to dismiss, a complaint must allege a plausible entitlement to relief. Rodríguez-Vives v. Puerto Rico Firefighters Corps., 743 F.3d 278, 283 (1st Cir. 2014); Rodríguez-Reyes v. Molina-Rodríguez, 711 F.3d 49, 53 (1st Cir. 2013); Rodríguez-Ortiz v. Margo Caribe, 490 F.3d 92, 95 (1st Cir. 2007). A determination of plausibility involves a context-specific task that requires courts to examine the complaint as a whole, separating factual allegations (which must be accepted as true) from conclusory legal allegations (which need not be credited). García-Catalán v. United States, 734 F.3d 100, 103 (1st Cir. 2013); Morales-Cruz v. Univ. of P.R., 676 F.3d 220, 224 (1st Cir. 2012).

Should the factual content holistically permit the court to reasonably infer that the defendant is liable for the misconduct alleged, dismissal is not appropriate. Sepúlveda-Villarini v. Dept. of Educ. of P.R., 628 F.3d 25, 29 (1st Cir. 2010). If the factual allegations are too conclusory to remove the possibility of relief from the realm of mere conjecture, the complaint is open to dismissal. S.E.C. v. Tambone, 597 F.3d 436, 442 (1st Cir. 2010); Rodríguez-Reyes, 711 F.3d at 53.

This inquiry does not demand a high degree of factual specificity. García-Catalán, 734 F.3d at 103. Sufficiency may be found even if a plaintiff has not alleged every fact necessary to

Case 3:15-cv-01891-PAD   Document 59   Filed 09/30/16   Page 4 of 10

Dr. Nieve de los Ángeles Vázquez Lazo v. Dr. Urayoán Ramón Emeterio Walker, *et al.*
Civil No. 15-1891 (PAD)
Memorandum and Order
Page 4

win at trial or to successfully resist summary judgment. Rodríguez-Reyes, 711 F. 3d at 53-54; Rodríguez-Vives, 743 F.3d at 286. All reasonable inferences must be drawn in plaintiff's favor. Foley v. Wells Fargo, 772 F.3d 63, 68 (1st Cir. 2014); García-Catalán, 734 F.3d at 103.

### III.   DISCUSSION

#### A.   Multiple Defendants.

Defendants allege the action should be dismissed because, in their opinion, the complaint fails to particularize the claims made against each of them (Docket No. 26 at pp. 6-9). The cases they rely on involve claims of fraud, which pursuant to Fed. R. Civ. P. 9(b), must be pleaded with particularity.[5] But the heightened pleading standard of Rule 9 does not apply here. Furthermore, the Amended Complaint identifies each defendant by title and the different boards where he or she was serving, and details each defendant's involvement in the events alleged therein. In consequence, it "affords each named defendant with proper notice of the actionable facts, regardless of the form in which those facts are presented." Peña-Peña v. Figueroa-Sancha, 866 F.Supp.2d 81, 92 (D.P.R. 2012)(citing, 7 Wright, Miller & Kane, Federal Practice and Procedure § 1654 (3d ed. 2011)). Nothing more is required at this stage.

#### B.   Section 1983.

Defendants assert that the Section 1983 claim is time-barred (Docket No. 26 at pp. 26-30). They point out the adverse employment actions –the non-renewal of plaintiff's probationary appointment, the denial of her tenure and promotion, and her dismissal– (1) occurred "before the filing of the original complaint;" (2) are discrete acts not subject to the continuing violation

---

[5] See, Suna v. Bailey Corp., 107 F.3d 64, 68 (1st Cir. 1997)(noting the First Circuit requires a plaintiff claiming fraud to specify (1) the statements that the plaintiff contends were fraudulent, (2) the identity of the speaker, (3) where and when the statements were made, and (4) why the statements were fraudulent). Where multiple defendants are asked to respond to allegations of fraud, the complaint must particularize each defendant's alleged participation in the fraud. See, Romani v. Shearson Lehman Hutton, 929 F.2d 875, 880 (1st Cir. 1991) (citing, DiVittorio v. Equidyne Extractive Industries, Inc., 822 F.2d 1242, 1247 (2d Cir.1987)(plaintiff is required to assert specific claims for each individual defendant so that each defendant is informed of the nature of his alleged participation in the fraud)).

Case 3:15-cv-01891-PAD   Document 59   Filed 09/30/16   Page 5 of 10

Dr. Nieve de los Ángeles Vázquez Lazo v. Dr. Urayoán Ramón Emeterio Walker, *et al.*
Civil No. 15-1891 (PAD)
Memorandum and Order
Page 5

doctrine; and (3) were not adequately tolled.  Id.  If defendants meant to say the alleged adverse employment actions occurred more than a year before the complaint was filed,[6] their concern is dispelled by plaintiff's clarification that (1) "the only employment action [she] challenge[s], for which she seeks damages, is her July 2014 retaliatory dismissal," and (2) the other acts alleged in the Amended Complaint are included "as background evidence of defendants' discriminatory and retaliatory intent" (Docket No. 33 at pp. 22-23).[7]

Defendants fault plaintiff for not proving the necessary "personal involvement required under § 1983" (Docket No. 26 at pp. 12-13).  Defendants cite case law, yet do not discuss how it applies here.  See, Rocafort v. IBM Corp., 334 F.3d 115, 122 (1st Cir. 2003)(holding that passing reference to legal phrases and case citation without developed argument is not sufficient to defeat waiver"); DiMarco-Zappa v. Cabanillas, 238 F.3d 25, 34 (1st Cir. 1996)("Simply noting an argument in passing without explanation is insufficient to avoid waiver").  Even if the argument were not considered waived, however, it would not lead to dismissal, as plaintiff does not have to "prove [ ] personal involvement" at this stage, but rather plead it.  And plaintiff has adequately done so.

To prevail in a Section 1983 claim, a plaintiff "must allege facts sufficient to support a determination (i) that the conduct complained of has been committed under color of state law, and (ii) that [the alleged] conduct worked a denial of rights secured by the Constitution or laws of the United States." Cepero-Rivera v. Fagundo, 414 F.3d 124, 129 (1st Cir. 2005) (quoting, Romero-

---

[6] Because section 1983 does not have its own statute of limitations, courts use the personal-injury limitations period adopted by the state where the injury supposedly occurred, which in Puerto Rico is one year.  Martínez-Rivera v. Commonwealth of Puerto Rico, 812 F.3d 69, 74 (1st Cir. 2016).

[7] The Amended Complaint states that (1) González issued a letter dated July 3, 2014 – which plaintiff claims to have received several days later – for the termination of her probationary appointment at the UPRB, effective January 2015, and (2) she appealed the decision but her appeal was denied (Docket No. 8 ¶¶ 4.63 and 4.64).  Taking as true these facts, as mandated at this stage, the court concludes plaintiff filed her complaint within a year of learning of her dismissal.

Case 3:15-cv-01891-PAD   Document 59   Filed 09/30/16   Page 6 of 10

Dr. Nieve de los Ángeles Vázquez Lazo v. Dr. Urayoán Ramón Emeterio Walker, *et al.*
Civil No. 15-1891 (PAD)
Memorandum and Order
Page 6

Barceló v. Hernández-Agosto, 75 F.3d 23, 32 (1st Cir. 1996)).  For Section 1983 liability purposes, ". . . a state employee generally acts under color of state law when, while performing in his official capacity or exercising his official responsibilities, he abuses the position given to him by the State." West v. Atkins, 487 U.S. 42, 49 (1988).

Viewing the Amended Complaint as a whole, the allegations include facts that, taken as true, state a facially plausible claim under Section 1983.  See García-Catalán, 734 F.3d at 103.  In the end, they refer to defendants' participation in the decisions that plaintiff has challenged.  So viewed, dismissal is not appropriate, at least at this stage of the litigation.  See Rodríguez-Reyes, 711 F.3d at 54 ("It is not necessary to plead facts sufficient to establish a prima facie case at the pleading stage").

**C. First Amendment.**

Defendants challenge plaintiff's First Amendment claim, arguing that her statements to the media did not address an issue of public concern, nor were made to protect the public interest. (Docket No. 26 at p. 25).  But taken the pleaded facts as true, they plausibly show that, when plaintiff was interviewed by El Nuevo Día, she was speaking as a citizen on a matter of public concern, to wit, the unavailability of on-line courses for students at UPRB, to protect students, and hence, the public interest.  Additionally, defendants state Mt. Healthy requires dismissal (Docket No. 26 at pp. 36-38).  Yet the Mt. Healthy defense "is inappropriate at the motion to dismiss stage because the parties have not yet engaged in any significant discovery."  Álvarez-Morales v. Municipality of Las Marías, 2015 WL 8095429, at *5 (D.P.R. 2015); see also, Maloy v. Ballori, 744 F.3d 250, 253 (1st Cir. 2014) ("Typically too, an assessment of a plaintiff's complaint does not entail consideration—much less require rebuttal—of the defendant's explanations for its action . . .")(internal citations omitted); Thomas v. Eby, 481 F.3d 434, 442 (6th Cir. 2007) ("it makes little

Case 3:15-cv-01891-PAD   Document 59   Filed 09/30/16   Page 7 of 10

Dr. Nieve de los Ángeles Vázquez Lazo v. Dr. Urayoán Ramón Emeterio Walker, *et al.*
Civil No. 15-1891 (PAD)
Memorandum and Order
Page 7

sense to apply [the Mt. Healthy defense] at the pleading stage"); Johnson v. Eggersdorf, 8 Fed.Appx. 140, 144 n.1 (2d Cir. 2001) ("Mt. Healthy sets forth the appropriate standard for a § 1983 claim at trial, not for a motion to dismiss based on the pleadings.").

### D. Ninth Amendment.

Defendants contend there is no recognized action under the Ninth Amendment (Docket No. 26 at pp. 2, 40-41). The court agrees, for the Ninth Amendment does not create substantive rights beyond those conferred by governing law. Vega-Rodríguez v. Puerto Rico Telephone Co., 110 F.3d 174, 182 (1st Cir.1997). In the same way, the Ninth Amendment does not justify liability here. See, Gibson v. Matthews, 926 F.2d 532, 537 (6th Cir.1991) (dismissing plaintiffs' Ninth Amendment claim on the ground that ". . . the ninth amendment does not confer substantive rights in addition to those conferred by other portions of our governing law"); see also, John E. Nowak & Ronald D. Rotunda, *Constitutional Law* § 11.7 (5th ed.1995) (observing that "the Ninth Amendment has not been used as the basis for defining rights of individuals").

### E. Eleventh Amendment.

Defendants argue the UPR is immune from suit in federal court under the Eleventh Amendment, and therefore that the Amended Complaint should be dismissed in its entirety against the UPR and defendants in their official capacity (Docket No. 26 at p. 32-33).[8] Similarly, they complain that "plaintiff failed to properly plead her alleged entitlement to a preliminary injunction since the complaint is devoid of a proper discussion of the . . . legal standard [for] said request" (Docket No. 26 at p. 16). Plaintiff concedes she is not seeking monetary damages against the UPR or defendants in their official capacities, but rather prospective injunctive relief (Docket No. 34 at

---

[8] Though the motion to dismiss does not specifically assert Eleventh Amendment immunity on behalf of defendants in their official capacities, the court will interpret the request for dismissal on Eleventh Amendment grounds as being made on their behalf as well.

Case 3:15-cv-01891-PAD   Document 59   Filed 09/30/16   Page 8 of 10

Dr. Nieve de los Ángeles Vázquez Lazo v. Dr. Urayoán Ramón Emeterio Walker, *et al.*
Civil No. 15-1891 (PAD)
Memorandum and Order
Page 8

pp. 15, 23-24).[9]  And while defendants maintain she did not properly allege a "plausible conspiracy claim against defendants" (Docket No. 26 at p. 34), plaintiff acknowledges she is not pursuing a conspiracy claim (Docket No. 52 at p. 3).  With that in mind, conspiracy is not a concern here.

### F. Fourteen Amendment.

Defendants state the Amended Complaint "fails to state a cognizable claim under . . . the Fourteenth Amendment of the Constitution of the United States" (Docket No. 26 at pp. 2, 38-40). They discuss general theory and case law, but do not apply the legal background to (1) the facts alleged, and (2) each particular individual defendant as such.  Because the argument is undeveloped, it does not support defendants' dismissal request.  See, Rocafort, 334 F.3d at 122; DiMarco-Zappa, 238 F.3d at 34.[10]

### G. Title VII.

Defendants claim plaintiff failed to properly plead exhaustion of administrative remedies under Title VII (Docket No. 26 at pp. 13-15 and Docket No. 42).  The Amended Complaint asserts plaintiff: (1) filed a "timely charge" of "employment discrimination on the basis of retaliation" with the Equal Employment Opportunity Commission; (2) received the EEOC's right-to-sue letter on or about July 22, 2015, and (3) timely filed the complaint within ninety days of receiving the letter (Docket No. 8 at ¶¶ 2.7-2.9 and Docket No. 34 at p. 14).  The pleadings reflect compliance with statutory exhaustion requirements.

Defendants allege Title VII does not impose liability on "individual employees" and thus, does not sustain the action filed here against them (Docket No. 26 at pp. 33-34).  A Title VII claim,

---

[9]  The clarification disposes of the claim against the UPR.  As opposed to the UPR, however, the Eleventh Amendment does not bar claims against defendants in their official capacity for prospective injunctive relief.  See, Irizarry-Mora v. University of Puerto Rico, 647 F.3d 9, 11 n. 1 (1st Cir. 2011) (noting that Ex Parte Young doctrine allows prospective injunctive relief against state officers sued in their official capacities).

[10] For the same reason, the "qualified immunity" argument (Docket No. 26 at pp. 16-22) will not be evaluated at this juncture.

Case 3:15-cv-01891-PAD   Document 59   Filed 09/30/16   Page 9 of 10

Dr. Nieve de los Ángeles Vázquez Lazo v. Dr. Urayoán Ramón Emeterio Walker, *et al.*
Civil No. 15-1891 (PAD)
Memorandum and Order
Page 9

however, may be asserted against individual defendants in their official capacities (Docket No. 34 at pp. 24-25). See, Lugo-Matos v. Commonwealth of Puerto Rico Police Department, 2016 WL 742912,*5 n.10 (D.P.R. 2016) (denying dismissal of Title VII claim against individuals in their official capacity, pointing out that the claim was tantamount to a "suit against the state") (citing, In re Perry, 882 F.2d 534, 538 (1st Cir. 1989)).

That said, the pleadings do not raise a plausible Title VII claim. Title VII forbids a covered employer from discriminating against any individual with respect to her compensation, terms, conditions, or privileges of employment because of such individual's race, color, religion, gender, or national origin. 42 U.S.C. § 2000e-2(a)(1). In addition, it bars employers from retaliating against an employee because she "has opposed any practice made an unlawful employment practice by this subchapter, or because [s]he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." 42 U.S.C. § 2000e–3(a); Univ. of Tex. v. Nassar, ---U.S.---, 133 S.Ct. 2517, 2523 (2013).

In essence, plaintiff alleges that (1) she expressed her desire to be considered for a promotion and tenure in 2012; (2) the President of the Personnel Committee questioned her qualifications, because in her opinion, plaintiff did not meet the minimum number of years required to be considered for the promotion and tenure she sought; and (3) the exchange lead to a heated discussion between them, followed by harassment and a hostile work environment. As a result, plaintiff claims to have filed internal administrative complaints against defendants, challenging the promotion and tenure denial, and complaining of the harassment and hostile work environment that defendants created. And she claims to have made expressions regarding matters of public concern, which defendants disliked, such that, in retaliation, they terminated plaintiff's probationary appointment. Taking all well-pleaded facts and drawing inferences in plaintiff's

Case 3:15-cv-01891-PAD   Document 59   Filed 09/30/16   Page 10 of 10

Dr. Nieve de los Ángeles Vázquez Lazo v. Dr. Urayoán Ramón Emeterio Walker, *et al.*
Civil No. 15-1891 (PAD)
Memorandum and Order
Page 10

favor, it is apparent the Amended Complaint does not plead a plausible claim under any of the protected categories of Title VII. See, Capezano v. ARCOR SAIC, 743 F.Supp.2d 71, 78-80 (D.P.R. 2010).[11]

### H. Supplementary Claims.

Defendants request dismissal of state claims because dismissal is proper once all federal claims have been disposed of (Docket No. 26 at p. 44). Given that some of the federal claims remain, their request must be denied. See, McLeod-López v. Algarín, 603 F.Supp.2d 330, 344 (D.P.R. 2009).

## IV. CONCLUSION

In light of the standard applicable to motions under Fed. R. Civ. P. 12(b)(6), defendants' motion at Docket No. 26 is GRANTED IN PART AND DENIED IN PART. The UPR's request to dismiss the complaint is GRANTED. All claims against the UPR are dismissed on Eleventh Amendment grounds, except for the Title VII claim, which is dismissed under the Iqbal/Twombly pleading standard. As to the request made by defendants in their official capacities to dismiss plaintiff's claims under Title VII and the Ninth Amendment, the same is GRANTED. Their request to dismiss the remaining claims against them is DENIED. Defendants in their official capacities shall answer the Amended Complaint not later than November 7, 2016.

SO ORDERED.

In San Juan, Puerto Rico, this 30th day of September, 2016.

                                        s/Pedro A. Delgado-Hernández
                                        PEDRO A. DELGADO HERNANDEZ
                                        U.S. DISTRICT JUDGE

---

[11] Although the Amended Complaint mentions the word "national origin," it is otherwise devoid of factual allegations supporting a cognizable claim of discrimination or retaliation.