IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| NIEVE DE LOS ANGELES VÁZQUEZ-LAZO,<br><br>**Plaintiff,**<br><br>v.<br><br>URAYOAN RAMON EMETERIO WALKER, <u>et al.</u><br><br>**Defendants.** | **CIVIL NO. 15-1891 (PAD)** |

**MEMORANDUM AND ORDER**

Delgado-Hernández, District Judge.

On September 30, 2016, the court granted in part and denied in part defendants' motion to dismiss and dismissed plaintiff's claims against the University of Puerto Rico and those brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e–2000e-17, and the Ninth Amendment (Docket No. 59). Before the court is plaintiff's "Motion to Reconsider" the dismissal of her Title VII claims (Docket No. 60). Defendants opposed (Docket No. 70), and plaintiff replied (Docket No. 76). For the reasons explained below, plaintiff's motion is DENIED.

Plaintiff alleges the court erred in concluding that the Amended Complaint does not establish a plausible retaliation claim under any of the categories protected by Title VII (Docket No. 60 at p. 6). She argues the Amended Complaint states she suffered "adverse retaliatory actions" after her "engagement of protected activity," and that, as such, pleading requirements have been complied with. <u>Id.</u> The court agrees plaintiff adequately pled an "adverse action." However, for a Title VII retaliation claim to survive a motion to dismiss, a plaintiff must allege

Vázquez-Lazo v. Walker *et al.*
Civil No. 15-1891 (PAD)
Memorandum and Order
Page 2

facts showing "protected conduct **under Title VII**." Fantini v. Salem State College, 557 F.3d 22, 32 (1st Cir. 2009) (emphasis added).

An employee has engaged in a protected activity pursuant to Title VII if she has either: (1) opposed any practice made an unlawful employment practice by Title VII; or (2) made a charge, testified, assisted, or participated in any manner in an investigation, proceeding or hearing under Title VII. Fantini v. Salem State College, 557 F.3d 22, 32 (1st Cir.2009) (quoting Long v. Eastfield College, 88 F.3d 300, 304 (5th Cir.1996)); Rodriguez-Vega v. Policlinica la Familia de Toa Alta, Inc., 942 F.Supp.2d 210, 226 (D.P.R. 2013). Plaintiff alleged she was retaliated against for expressing her desire to be considered for promotion and tenure; and for making public expressions regarding matters of public concern (Docket No. 8 at ¶¶ 4.7, 4.9, 4.54 and 4.59; Docket No. 60 at p. 4-5). From these allegations, the actions she opposed are not practices made unlawful by Title VII.

Plaintiff contends that in conformity with Abril-Rivera v. Johnson, 806 F.3d 599, 608 (1st Cir. 2015), *"*the employment activity or practice that [the plaintiff] opposed need not be a Title VII violation so long as [the plaintiff] has a reasonable belief that it was, and [s]he communicated that belief to .. [her] employer in good faith" (Docket No. 60 at p. 6). That is true enough, but does not lead to the result plaintiff advocates for. Abril-Rivera illustrates the point. In that case, the plaintiffs engaged in protected activity based on their belief that they were being discriminated against due to their national origin. They claimed the "discrimination was against the Puerto Rican facility in which they worked, which caused a disparate impact on the basis of national origin." Abril-Rivera, 806 F.3d at 606. And the protected activity that allegedly led to retaliation was the filing of an EEO complaint claiming plaintiffs were "underpaid relative to their mainland counterparts." Id. at 609.

Here, the Amended Complaint makes broad, cursory references to discrimination under Title VII. Nevertheless, it is devoid of facts that could plausibly sustain an inference that defendants acted on the basis of plaintiff's race, color, religion, sex, or national origin; or that plaintiff could reasonably have believed they did.[1] Plaintiff posits that as stated in paragraphs 4.57 through 4.65 of the Amended Complaint, defendants retaliated against her after she "filed and appealed" an internal harassment complaint and filed a charge before the Civil Rights Commission of Puerto Rico (Docket No. 76 at p. 6). Yet a review of those paragraphs does not evince reference to Title VII except for the term "national origin discrimination" mentioned in paragraph 4.57, the only mention of such term in the Amended Complaint. And they lack facts that might be construed as events of national origin discrimination; or that plaintiff complained to defendants about events that could be construed as national origin discrimination.

On this record, plaintiff failed to allege she could have had a "reasonable belief" that defendants were discriminating against her because of her national origin.[2] While plaintiff's conduct could plausibly raise to the level of protected activity under other provisions, it does not

---

[1] Indeed, in paragraph No. 4.38, plaintiff alleges that she:

> …complained to her superiors and others on issues like hostile, intimidating and offensive work environment, persecution and harassment; Being deprived of her courses without notice, just cause and without providing Plaintiff with due process; Defendants' alteration and falsification of certified mail receipts of the U.S. Postal Service; denial of equal protection of the law and the University's laws and regulations by Defendants; and being denied due process in the evaluation of her promotion and tenure as well as being denied copy of her employment evaluations, resulting in Defendants' defamation and harassment of Plaintiff and Defendants' denial of a fair and impartial evaluation to Plaintiff, in violation of her Constitutional rights.

Thus, considering well-pleaded facts and drawing inferences in plaintiff's favor, plaintiff's opposition to defendants' actions was not directed at conduct proscribed by Title VII. Moreover, the opposition does not reflect a belief that defendants' actions were tainted with the type of discrimination that Title VII prohibits.

[2] See, Clark County School District v. Breeden, 532 U.S. 268 (2001)(finding that no reasonable person could have believed that a single incident of alleged sexual harassment violated Title VII, precluding a retaliation claim based on employee's internal complaints about the incident); Fantini v. Salem State College, 557 F.3d 22, 32 (1st Cir. 2009) (recognizing that plaintiff "could not have had a 'good faith, reasonable belief that the underlying challenged actions of the employer violated the law'")(internal citations omitted).

so raise under Title VII.[3]  In consequence, her "Motion to Reconsider" is DENIED.

**SO ORDERED.**

In San Juan, Puerto Rico, this 27th day of December, 2016.

s/Pedro A. Delgado-Hernández
PEDRO A. DELGADO-HERNÁNDEZ
United States District Judge

---

[3] See, Morales-Cruz v. Univ. of Puerto Rico, 676 F.3d 220, 226 (1st Cir. 2012)(affirming the district court's dismissal of plaintiff's retaliation claim under Title VII, finding that plaintiff's "factual allegations do not support a reasonable inference that she was engaging in protected conduct when she opposed the remarks made"); Fantini, 557 F.3d at 32 (holding that plaintiff failed to show that she engaged in a protected activity since the alleged misconduct was not an unlawful employment practice under Title VII); Vazquez-Galarza v. Centro Medico del Turabo, Inc., 2014 WL 988788, at *3 (D.P.R. 2014)(dismissing plaintiff's Title VII retaliation claim after concluding that plaintiff did not plausibly plead engagement in protected conduct); Montanez v. Educational Technical College, 660 F.Supp.2d 235, 243 (D.P.R. 2009)("Plaintiff alleges that … [defendant] dismissed her in retaliation for the claim she filed with the EEOC.  This claim was based on both age and disability-based discrimination, neither of which are protected classes under Title VII. Therefore, because Plaintiff is unable to meet the first requirement of her *prima facie* case, her claim of retaliation under Title VII fails").